Johnson, J.
The rule laid down in Davis v. Clancy & Johnson, 3 M’Cord, 424, is, that to entitle the plaintiff to maintain trespass quare clausum fregit, for an injury done to real estate, he must have either an actual pedis possessio of the locus in quo, or a constructive possession, and that, I think, is according to the tenor of all of our cases on the point. In the first case, (the case of actual possession,) the plaintiff is entitled to recover upon his possession alone. In the second (the case of constructive possession,) the right to recover is derived from his title to the locus in quo, which draws the possession *467 after it, and in law the possession is regarded in him until an adverse possession is clearly made out. 4 Kent’s Com. 30. Of this, a casual trespass on unimproved wild woodlands furnishes an apt illustration. (See the case of Cannon v. Hatcher, 1 Hill, 250, as covering the whole ground.)
There has been no attempt to prove an actual possession in the plaintiff; on the contrary defendants have had the contL liued and actual possession since 1822. If the plaintiff’s right to recover be referred to her title, (supposing that to be fully made out,) as drawing the possession after it, that is met by the adverse possession of the defendants, and in either view the plaintiff is not entitled to recover;..
Supposing that Nelson was the tenant of Robert R. Pearson, from whom the plaintiff derived her title, that would not invest the plaintiff with either an actual or constructive possession, for it is the title and -not the possession which she derived from him.
The attempt to sustain the action on a trespass committed; on the uninclosed woodlands, is equally unavailing. The action is for an injury done to the tract of land claimed by the plaintiff, described and existing as a whole, and not of parts of a whole. Of that, the defendants have the actual adverse possession, not that they can cover the whole with their feet, but as having that sort of actual possession of which the thing is capable — the 'pedis possessio of a part draws after it the actual possession of the whole.
There is always great disinclination on the part of the Court to turn a plaintiff round' to commence a new cause of litigation when the right of the cause is apparently with him, but there is an absolute necessity for- preserving the boundaries which the practice of the Court has prescribed in the forms of action for the various injuries to which a, man is subject in his property, person and reputation.. Arbitrary as they may have been in the first instance, many legislative enactments have been made with reference to them, and so have been the rules of practice established by the Courts, and a departure from them would lead to inextricable confusion.
Motion dismissed.
O’Neall and Harper, Js. concurred..